# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAUL GASTELUM-LARA, | CASE NO. 4:05CV2812 |
| Petitioner, | |
| v. | JUDGE PETER C. ECONOMUS |
| UNITED STATES OF AMERICA, | |
| Respondent. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Petitioner, Saul Gastelum-Lara's, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court is the Government's Motion to Dismiss (Dkt. #4) and Petitioner's reply (Dkt. #5). For the reasons set forth below, Petitioner's motion is **DISMISSED.**

## I.   FACTUAL BACKGROUND

On January 15, 2003, a federal grand jury indicted Petitioner, Saul Gastelum-Lara, and four others for conspiring to possess with intent to distribute more than 500 grams of cocaine in violation Title 21 U.S.C. § 846. (Case No. 4:03cr0025, Dkt. #10). At his arraignment on February 3, 2003, Petitioner entered a plea of not guilty to the charged offense. (Case No. 4:03cr0025, Dkt. #23).

Petitioner, while represented by counsel, entered into a plea agreement with the Government on July 14, 2003, pleading guilty to the indictment. (Case No. 4:03cr0025, Dkt. #58, Plea Agreement). On October 16, 2003, the Court accepted the plea agreement and

sentenced Petitioner to, *inter alia*, 188 months imprisonment followed by four years of supervised release. (Case No. 4:03cr0025, Dkt. #86). Petitioner did not file a direct appeal of his sentence or conviction.

On December 6, 2005, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government, in its motion to dismiss, argues that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## II.   STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III.   ANALYSIS

As amended by the AEDPA, Title 28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255; see, eg., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000). Moreover, in Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the United States Court of Appeals for

the Sixth Circuit held that the one-year limitation period is a statute of limitation.

The Sixth Circuit has noted, however, that "because there is a rebuttable presumption that equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitations period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling." Dunlap, 250 F.3d at 1004. The five factors to consider when determining the appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Dunlap, 250 F.3d at 1009-10.

Petitioner contends that equitable tolling applies in the instant matter because he "was never advised by former counsel that notice had to be filed within ten days" and he "had no knowledge of the filing requirement." (Dkt. #5). He contends that he "recently found out that his former counsel failed to file the Notice of Appeal as directed [by Petitioner]." (Dkt. #1). In addition, Petitioner provides three affidavits in support of his argument that he diligently pursued his rights under Dunlap. (Dkt. #1, Exh. A, B, and C).

In his affidavit, Petitioner asserts that "immidiately [sic] after my sentencing proceeding . . . I directed my Counsel Stanton D. Lenenson to file a Notice of Appeal." (Dkt. #1, Exh. A, Affidavit of Saul Gastelum-Lara). The attached affidavits of Petitioner's daughter, Alexia Benitez,[1]

---

[1] The Court notes that Petitioner's Attached Exhibit "B", entitled "Affidavit of Alexia Benitez," has not been notarized.

and Petitioner's brother, Jaime Lara, state that both Ms. Benitez and Mr. Lara contacted Petitioner's trial counsel "immediately" after Petitioner's sentencing and requested that counsel file an appeal on Petitioner's behalf.  (Dkt. #1, Exh. B, Affidavit of Alexia Benitez; Dkt. #1, Exh. C, Affidavit of Jaime Lara).  Petitioner does not provide any further evidence indicating an effort to pursue his right to an appeal.  Even assuming these three requests were made to counsel, Petitioner waited over two years before discovering that an appeal had in fact not been filed.  Absent further evidence that Petitioner diligently pursued his right to an appeal, equitable tolling in such circumstances is not appropriate.

Consequently, pursuant to the AEDPA, Petitioner's conviction became final on October 30, 2003, the last date Petitioner could have filed a timely appeal.  He did not file a direct appeal, therefore, Petitioner had one year, or until November 1, 2004,[2] to file a motion under § 2255.  As Petitioner did not file within that one year period, he is time-barred from filing the present motion.

## IV.   EVIDENTIARY HEARING

Finally, § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  See Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

---

[2]   October 30, 2004, fell on a Saturday, thus giving Petitioner until the following Monday, November 1, 2004, within which to file a motion pursuant to § 2255.

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V. CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                             **/s/ Peter C. Economus - April 13, 2006**
                                             **PETER C. ECONOMUS**
                                           **UNITED STATES DISTRICT JUDGE**