```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :     CASE NO. 4:03-CR-25
                                                :
            Plaintiff-Respondent,               :
                                                :     OPINION & ORDER
      v.                                        :     [Resolving Doc. No. 102]
                                                :
SAUL GASTELUM-LARA,                             :
                                                :
            Defendant-Petitioner.               :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant-Petitioner, Saul Gastelum-Lara moves *pro se* to dismiss his indictment, claiming that his indictment should be vacated because it did not indicate the type and amount of drug with which he was charged. Responding, the government argues that Gastelum-Lara's motion should fail for several procedural and substantive reasons. For the reasons provided below, the Court **DENIES** Gastelum-Lara's motion.

**I. Background**

On January 15, 2003, Gastelum-Lara was indicted along with four co-defendants. [Doc. 10.] With the indictment, the Government charged Gastelum-Lara with conspiracy with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. [*Id.*] On July 14, 2003, Gastelum-Lara pled guilty after having reached a plea agreement. [Doc. 58.] In the plea agreement, Gastelum-Lara acknowledged that he conspired with the intent to distribute "slightly less than 5 kilograms of cocaine . . . ." [Doc. 103-2 at 10.] He also acknowledged that his guilty plea was freely

Case No. 4:03-CR-00025
Gwin, J.

and voluntarily made. [*Id.*] Gastelum-Lara waived his right to a direct appeal under 18 U.S.C. § 3742, except as to any sentence imposed above the statutory maximum or any upward departure from the Sentencing Guideline range deemed most applicable by the Court.  Finally, Gastelum-Lara waived his right "to challenge his conviction or sentence collaterally through a post-conviction proceeding, including a [habeas] proceeding under 28 U.S.C. § 2255" except as to ineffective assistance of counsel or governmental misconduct claims. [*Id.* at 8.]

On October 16, 2003, District Court Judge Paul R. Matia accepted the plea agreement and sentenced Gastelum-Lara to 188 months imprisonment followed by four years of supervised release. [Doc. 86.]

Gastelum-Lara did not directly appeal his conviction or sentence to the Sixth Circuit. On December 6, 2005, Gastelum-Lara filed a habeas petition under 28 U.S.C. § 2255, arguing that his counsel failed to file a timely notice of appeal and that equitable tolling applied to his situation. [Doc. 98.] On April 13, 2006, District Judge Peter Economus denied the petition as untimely and found that equitable tolling did not apply. [Doc. 99.]

Gastelum-Lara filed the instant motion on May 13, 2011. [Doc. 102.] In his motion, Gastelum-Lara claims that the indictment must be dismissed under *Apprendi v. New Jersey* because it lacked material elements of the offense, specifically, the type and amount of the drug. 530 U.S. 466, 120 S. Ct. 2348 (2000) (holding that any fact increasing the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt). [*Id.*] But see *Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("Our precedents make clear, however, that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict

-2-

Case No. 4:03-CR-00025
Gwin, J.

or admitted by the defendant.") In Gastelum-Lara's plea, he acknowledged that he conspired to distribute "slightly less than 5 kilograms of cocaine from Illinois to Ohio for distribution." [Doc. 103-2 at 10.]

Even if *Apprendi* were implicated—which it is not—it does not apply retroactively to second or successive § 2255 motions, *see Goode v. United States*, 305 F.3d 378 (6th Cir. 2002); *In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001), and Gastelum-Lara's sentence is below the statutory maximum in any case.  Thus, this Court construes his motion as a second petition for habeas relief under 28 U.S.C. § 2255 (a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

## II. Legal Standard

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law.  *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).  Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an

Case No. 4:03-CR-00025
Gwin, J.

error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

### III. Analysis

Gastelum-Lara's petition fails for four reasons. First, Gastelum-Lara did not seek or receive permission from the Sixth Circuit to file the instant motion, which is his second § 2255 petition. Gastelum-Lara filed a first motion under § 2255 on December 6, 2005, which the Court denied. In order to file a second or successive habeas corpus petition or motion to vacate under 28 U.S.C. § 2255 directly in this Court, as Gastelum-Lara does here, Gastelum-Lara must first seek authorization from the Court of Appeals to file the second habeas petition. 28 U.S.C. §§ 2244(b)(3)(A) and 2255; *In re Sims*, 111 F.3d 45, 46-47 (6th Cir. 1997). Accordingly, before this Court may address the substance of Gastelum-Lara's petition, Gastelum-Lara must obtain authorization from the Sixth Circuit Court of Appeals.[1]

Second, as was the case with Gastelum-Lara's initial § 2255 petition, the instant motion is

---

[1] The Sixth Circuit has held that a district court must transfer second or successive habeas petitions to the Court of Appeals, unless such petition was already approved. *In re Sims*, 111 F.3d at 47. However, Gastelum-Lara's petition fails on additional grounds, rendering the transfer unnecessary. Should Gastelum-Lara intend to raise a new § 2255 motion, he must first seek authorization from the Sixth Circuit.

-4-

Case No. 4:03-CR-00025
Gwin, J.

untimely.  A one-year statute of limitations applies to § 2255 petitions, and it begins to run when the judgment of conviction becomes final (and the defendant has not sought an extension of appeal time for good cause or excusable neglect).  28 U.S.C. § 2255; *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (2004).  Gastelum-Lara files the instant motion more than seven years after his conviction became final.  Moreover, he makes no argument that equitable tolling applies to save his claims here; the timing of *Apprendi*, which was decided three years before Gastelam-Lara was indicted, cannot serve as a valid reason for delay.[2]  As Judge Economus found with Gastelum-Lara's previous § 2255 petition, Gastelum-Lara's motion is time-barred by the one-year statute of limitations.

Third, Gastelum-Lara's motion is additionally preempted by his plea agreement.  "[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief."  *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).  Indeed, it is "well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement."  *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (internal quotation marks and citation omitted)).

Here, Gastelum-Lara knowingly and voluntarily entered into a plea agreement.  With some exceptions not applicable here, he waived his rights both to appeal his conviction or sentence and

---

[2] In *Andrews v. Orr*, the Sixth Circuit specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. 851 F.2d 146 (6th Cir. 1988); *see also Graham-Humphreys v. Memphis Brooks Museum of Arts, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Under this test, we find that equitable tolling does not apply to Gastelum-Lara's instant motion.

Case No. 4:03-CR-00025
Gwin, J.

to challenge his conviction or sentence collaterally through a post-conviction proceeding. Gastelum-Lara does not base his collateral challenge on an ineffective assistance of counsel claim, or on allegations of governmental misconduct. *See* [Doc. 102.] Accordingly, Gastelum-Lara may not now collaterally attack his indictment.

Finally, Gastelum-Lara argues that the indictment must be dismissed "because there is not a Fair Notice in the indictment to the tipe [sic] and amount of drug as to the penalitioes [sic] he faces." [Doc. 102 at 1.] However, the indictment stated that Gastelum-Lara conspired "to possess with the intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance . . . ." Moreover, Gastelum-Lara acknowledged in his plea agreement the type and amount of drugs for which he took responsibility. [Doc. 103-2 at 10.]

### IV. Conclusion

For the reasons discussed above, the Court **DENIES** Gastelum-Lara's motion to dismiss his indictment.

Furthermore, the Court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: May 25, 2011                    s/      *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE